## LIGHTFOOT *et al. v.* WEST.

In a written contract for the lease of a warehouse for a term to begin upon a day named in the future, it was stipulated that the specified rental, for which contemporaneous promissory notes were given, should not abate by reason of the destruction or injury of the property by fire, but that the lessor, in such event, should rebuild in a reasonable time; that the lessees were "to keep said property in as good repair as it is when turned over to them, and to turn it back to the lessor in as good repair as it is now"; and that the lessees were to pay for, and not remove at the end of the lease, all extra improvements they might put upon the premises. *Held:*

1. That where a shed attached to and constituting a valuable and useful part of the warehouse fell before the term of the lease began and before the lessees took possession, it was the duty of the lessor, and not of the lessees, to rebuild the same.

2. That on the trial of an action upon one of the rent notes, the court erred in refusing to allow the defendants to amend a plea of partial failure of consideration, already filed, in which it was alleged that in consequence of the plaintiff's failure to rebuild the shed, the rental value of the premises had been reduced in an amount stated, by further alleging that the defendants were induced to hold on to the lease and to take possession at the beginning of the term because of a verbal promise to rebuild made by the lessor, with which he subsequently refused to comply, and but for which they would have declined to carry out the contract. This plea, as thus amended, should have been passed upon by the jury, in connection with such evidence as might have been offered in support of it.

3. That there was no error in striking pleas setting up against the plaintiff's demand prospective profits that might have been made in the warehouse business if the shed had been duly rebuilt.

June 8, 1896. By two Justices. Argued at the last term.

Complaint on note. Before Judge Griggs. Clay superior court. March term, 1895.

*John R. Irwin,* for plaintiffs in error.
*J. D. Rambo,* by *Harrison & Peeples,* contra.

Lumpkin, Justice.

On July 25th, 1894, a written contract was executed by W. E. Lightfoot and Mrs. B. F. Lightfoot for the lease of

a warehouse belonging to West, for a term of one year, which was to begin on the 1st day of August next ensuing. The Lightfoots at the same time executed and delivered to West their promissory notes for the rent, which by their terms were made payable in installments due, respectively, on the first days of October, November and December, 1894. West brought an action against the Lightfoots upon one of these notes. The stipulations in the lease contract which are now material to be considered, and the nature of the defense to the action, will appear from an examination of the foregoing *syllabus*.

1. We think it apparent that the parties contemplated that the warehouse was to be delivered to the lessees at the beginning of their term in at least substantially the same condition as it was when the contract was signed. They were under no obligation to look after or keep the property in repair until it was actually turned over to them. The obvious meaning of the contract was, that they were to receive the warehouse on the first day of August in the condition existing on the 25th of July, and were to keep it in as good repair as it was upon the latter day until the end of their term. When, therefore, the shed fell down before the term of lease began, and before the lessees took possession, it was incumbent upon the lessor to rebuild the same. This was essential in order to put the lessees in a position to perform their undertaking and carry out the evident intention of the parties to the contract.

2. The question whether or not the Lightfoots would have been authorized to rescind the entire contract because of the failure of West to rebuild the shed, is not made in the present case, for the reason that the former actually took possession of and used the warehouse without the shed. Nevertheless, we think it was their right to set up as a defense, that they were induced to take possession at the beginning of their term and to hold on to the lease, because of a verbal promise made by West to rebuild the shed,

but for which they would have declined to enter, and that the consideration of the note sued upon had partially failed because of the subsequent refusal of West to rebuild as agreed. As will have been seen, one of their pleas, in connection with the amendment offered to the same, would have enabled them to present their defense, had not the court rejected the amendment and struck this plea along with several others which the defendants had filed. We think the amendment should have been allowed, and that the court should then have permitted the jury to pass upon this particular plea as amended.

3. The pleas setting up against the plaintiff's demand prospective profits that might have been made in the warehouse business in case the shed had been duly rebuilt, were properly stricken. Damages of this kind are too remote and speculative to be estimated. *Judgment reversed.*